UNITED STATES DISTRICT COURT             SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Security & Continuity Services Limited-UK, | § § § | |
| Plaintiff, | § § | |
| *versus* | § § | Civil Action H-12-1308 |
| Security & Continuity Services Limited-US, *et al.*, | § § § | |
| Defendants. | § § | |

## Opinion on Motion for Judgment

1.    *Introduction.*

Two companies agreed to do business as a joint venture. The Texas company violated the agreement by not paying the other its share of revenues, using venture money for unrelated purposes, and not furnishing financial records when requested. The United Kingdom company will prevail.


2.    *Background.*

Security & Continuity Services Limited is a company that consults and staffs for electronic security – it secures data against unauthorized access. Matthew Farmer founded it and it is based in the United Kingdom. It manages individual contractors who perform the work, once placed with a client. One contractor was Jimmy Foreman.

In 2010, Security and Foreman discussed forming a company in the United States to extend their business. Foreman then organized and incorporated Security & Continuity Services Limited – a Texas corporation. Foreman wholly owns Security-US.

Security-UK and Security-US agreed in writing to (a) split earnings based on who had been the primary and secondary sales lead; (b) pay their own tax and legal costs; (c)reserve thirty percent of the earnings to be used only by agreement; (d) give each other bank statements upon request; and (e) only admit partners they both agreed on.

At Foreman's request, Security-UK lent Security-US $5,000 to pay initial costs including insurance, legal costs, and registration fees.

From January to June of 2011, the two split profits according to the agreement.

In June 2011, Foreman asked for another loan to pay tax and other debts unrelated to Security-US. Security-UK and Foreman agreed that he could borrow his share of the profits from July to September of 2011, and had to repay the money with his October to December profit share. If the profit from those months were not enough to repay the loan, the balance had to be repaid by January of 2012.

Since July of 2011, Foreman has not paid Security-UK nor delivered the bank statements it has requested. Security-UK sued Foreman and Security-US saying that they breached their contract and that they owe money.

3.    *Default.*

After the suit was filed, the court ordered Foreman and Security-US to deliver financial statements, bank statements, and monthly income, expense, asset, and liability statements to Security-UK. In August of 2012, the court ordered them to deliver everything related to their work for KPMG. In September, they objected, but it was denied.

In October, they still had not complied with the court's orders. After a hearing, the court ordered them to deliver everything related to their business in the placement industry. Instead of complying, they moved for a protective order in November, saying that the court's orders were vague and unduly burdensome.

In December, the court denied the motion for a protective order and ordered prompt and thorough compliance. Rather than comply with their responsibilities, they asked that Security-UK be compelled to follow the court's orders – something it had already done.

After months of recalcitrance, court orders, two conferences, and a hearing, Foreman and Security-US manifestly and deliberately did not comply with the court's orders to deliver the papers. As a sanction, the court struck the answer and counter-claims of Foreman and Security-US. The court was willing to rescind its order striking the answer and counter-claims if Foreman and Security-US promptly and thoroughly complied with the court's discovery orders. Foreman and Security-US did not do so.

4.    *Breach of Contract.*

Security-UK says that Security-US breached their written agreement.

To establish a breach of contract, Security-UK must show: (1) a contract; (2) its performance of obligations; (3) non-performance by Security-US; and (4) harm.[1]

Both sides sued on the same contract so it must exist between the parties, Security-UK performed its obligations by paying what it owed to Security-US, Security-US did not pay what it owed to Security-UK and did not account to it, and Security-UK suffered injury as a result.

5.    *Money Had & Received.*

Security-UK says that Foreman and Security-US have money that belongs to it.

To establish its claim, Security-UK must show that Foreman and Security-US hold money that they are obliged to pay.[2]

The uncontroverted pleadings show that Foreman and Security-US have money from the placement of contractors and for the repayment of the loan and unauthorized expenditures. Under the contract and loan agreement, this money belongs to Security-UK.

Equity and good conscience support the claim by Security-UK. The behavior of Foreman and Security-US, both before the suit and after its institution, have been reprehensible. Before the suit was filed, they failed to account for profits and used funds for unauthorized and extraneous purposes, including personal expenses and debts. After the suit was filed, they have been recalcitrant, ignored multiple court orders, and been sanctioned for their behavior.

---

[1] B & W Supply, Inc. v. Beckman, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

[2] Staats v. Miller, 243 S.W.2d 686, 687–88 (Tex. 1951).

6.    *Conclusion.*

Taking the factual allegations of the complaint of Security-UK as true, Security-UK will prevail on its claims for breach of contract and money had and received.

Signed on November 22, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge